UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David John Allison (4)<br><br>      Petitioner,<br><br>  v.<br><br>United States of America,<br><br>      Respondent. | C/A No. 7:02-CR-01100-GRA<br><br>ORDER<br>(Written Opinion) |

  This matter is before the Court upon Petitioner's "Request for Reduction in Sentence." Petitioner is serving a sixty-month sentence for possession with intent to distribute marijuana. The conviction was entered in *United States v. David John Allison*, Criminal No. 7:02-1100-4 (DSC). Petitioner entered a plea of guilty before the Honorable Margaret B. Seymour, United States District Judge, on December 3, 2003. Sentencing was entered before the undersigned on August 24, 2004. The judgment and commitment ("J&C") was issued on August 30, 2004. The "judgment returned executed" was filed on November 3, 2004.

  On September 26, 2005, the Clerk of Court received a Request for Reduction in Sentence (Entry No. 266-1). In it, Petitioner asks for a two-year reduction so that he can resume a productive life and be a part of his son's and daughter's lives. Petitioner states that he is taking his GED course and has completed nine (9) educational courses in the Federal Bureau of Prisons (BOP).

1

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The grounds listed by Petitioner for a reduction in sentence are not valid grounds for relief from a sentence because he is not challenging the proceedings in Criminal No. 7:02-1100-4. *See* 28 U.S.C. § 2255. In other words, Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States.

IT IS THEREFORE ORDERED that Petitioner's motion for reduction in sentence (Entry No. 266-1) be DENIED without prejudice to Petitioner's right to file a Section 2255 action in this judicial district[1] or a Section 2241 action in the judicial district where he is confined.

IT IS SO ORDERED.

---

[1] This order does ***not*** extend the time for Petitioner to file a timely Section 2255 petition under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).

2

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September  30 , 2005.